## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## ASHLAND DIVISION

| | | |
|---|---|---|
| JEFFREY BAILEY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. _____ |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | Removed from Morgan Circuit Court Case No. 14-CI-00037 |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant State Farm Mutual Automobile Insurance Company ("State Farm Mutual") hereby removes the above-captioned action from the Morgan Circuit Court, Kentucky, to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453.

The defendant's burden on removal is to show the prerequisites for federal jurisdiction by a preponderance of the evidence. *See Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404-05 (6th Cir. 2007); *Brown v. Paducah & Louisville Ry., Inc.*, No. 3:12-CV-00818-CRS, 2013 WL 5273773, at *1 (W.D. Ky. Sept. 17, 2013). In removing this action, State Farm has properly relied on Plaintiff's affirmative allegations and the further evidence submitted herewith to demonstrate this Court's jurisdiction. Where a plaintiff has alleged facts that support removal, those allegations are taken as true for purposes of removal analysis, and a removing defendant may rely on them in support of removal. *See Brown*, 2013 WL 5273773, at *3 (finding minimal diversity requirement under CAFA satisfied based on allegations of plaintiff's pleading). A defendant also is permitted to present affirmative evidence outside the pleadings in support of

removal. *See Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 771 (6th Cir. 2009) (ruling that district court properly denied motion to remand based on defendant's affidavits showing that "the amount in controversy more likely than not exceed[ed] the jurisdictional minimum"); *Brown*, 2013 WL 5273773, at *3 (defendant may present evidence in support of removal); *Meiman v. Kenton Cnty., Ky.*, Civil Action No. 10-156-DLB, 2011 WL 350465, at *2-3 (E.D. Ky. Feb. 2, 2011) (citing evidentiary submissions by defendant in holding that CAFA jurisdictional requirements were established).

## BACKGROUND

1.      Plaintiff commenced this action on February 28, 2014, by filing his Complaint in Morgan Circuit Court, Kentucky.  (*See* Complaint and Service Papers, attached hereto as Ex. 1.) He purports to assert individual and class claims against State Farm Mutual for breach of contract, unjust enrichment, and violations of KY. REV. STAT. §§ 304.12-235 and 367.170.  (*Id.* at ¶¶ 28, 42-69.)

2.      The claims Plaintiff attempts to allege would allow recovery of compensatory damages, statutory penalties, punitive damages, and attorneys' fees.  (*Id.* at 14-15 (Prayer for Relief).)

3.      Plaintiff alleges that he insured his dental office under a State Farm Mutual insurance policy, identified as Policy No. 97-27-9945-0 (the "Policy").  (*Id.* at ¶ 14.)  That office allegedly sustained structural damage as a result of a tornado on March 2, 2012, and Plaintiff made a structural damage insurance claim under the Policy in respect to his loss.  (*Id.* at ¶ 15.)

4.      Plaintiff alleges that an estimate of the cost to repair his office was promptly prepared by "State Farm."  (*Id.* at ¶ 17.)  The total estimated cost to repair was calculated to be $94,842.40.  (*Id.*)  The estimate also shows that the "actual cash value" of the loss was calculated

as $86,197.82. (Compl., Ex. A, at 2.) That value was calculated by applying a depreciation deduction of $8,644.58 to the total estimated cost for repair. (*Id.*; *see also* Compl. ¶ 18.)

5.    Plaintiff concedes that he received some claim payments for his loss. (Compl. ¶ 5.) He complains, however, that the "actual cash value" payment he initially received for his loss was too low. (*Id.*)

6.    According to Plaintiff, when an insurer calculates the "actual cash value" of damaged property by applying depreciation to the property's estimated replacement cost, depreciation may only be applied to the estimated cost of the *materials* needed, and not to the cost of labor associated with the necessary repair or replacement. (*Id.* at ¶¶ 23-24, 26.) Thus, Plaintiff contends that the $8,644.58 depreciation deduction applied for his actual cash value payment was excessive. (*Id.* at ¶¶ 18-19, 27.)

7.    Although Plaintiff identifies State Farm Mutual as the entity that issued his Policy (*id.* at 1 and ¶ 14), he is mistaken. The Policy actually was issued by State Farm Mutual's subsidiary, State Farm Fire and Casualty Company ("State Farm Fire"). (*See* Certified Policy, attached hereto as Ex. 3, at Declarations.)

8.    State Farm Fire is the only affiliate of State Farm Mutual that issues property insurance policies in Kentucky for commercial, dwelling, and other structures, including the variety of policy Plaintiff purchased. (*See* Affidavit of Tom Monson, attached hereto as Ex. 4, at ¶¶ 5-6.) State Farm Mutual itself does not issue any policies of that type within Kentucky. (*Id.* at ¶ 4.)

9.    Thus, Plaintiff apparently is suing State Farm Mutual in its capacity as the parent company of State Farm Fire.[1]

---

[1] State Farm Mutual does not concede that it properly may be sued in this capacity, but that question is not raised by or pertinent to the issue of removal.

## BASES FOR REMOVAL

10.     Plaintiff's action is removable to federal district court under CAFA because minimal diversity exists, Plaintiff seeks to represent a putative class comprised of more than 100 individuals, and the amount placed in controversy by Plaintiff's asserted class claims exceeds $5,000,000.

### I.     The Procedural Requirements for Removal Are Satisfied.

11.     State Farm Mutual's removal of the instant action to this Court is timely.  State Farm Mutual was served with the Complaint on March 6, 2014, by certified mail to its registered agent.  (*See* Ex. 1.)  This Notice of Removal has been filed within 30 days thereafter, and it accordingly is timely.  *See* 28 U.S.C. § 1446(b)(1).

12.     Venue is proper in this Court because the Morgan Circuit Court is located in the Eastern District of Kentucky, Ashland Division.  *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court . . . for the district and division embracing the place where such action is pending").

13.     Consistent with the requirements of 28 U.S.C. § 1446(a), copies of the Complaint (*see* Ex. 1), along with all other process, pleadings, and orders contained within the state court file and a printout of the state court's docket (*see* Ex. 2), are attached and filed herewith.

14.     As 28 U.S.C. § 1446(d) requires, a copy of this Notice of Removal is being served upon Plaintiff's counsel, and a copy is being filed with the Clerk of the Morgan Circuit Court, Kentucky.

I.      **The Substantive Requirements for CAFA Removal are Satisfied.**

15.     Under CAFA, this Court has diversity jurisdiction over any asserted class action[2] that (1) includes at least one class member whose citizenship is diverse from that of the defendant; (2) would have at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)-(6).   Each requirement is satisfied here.

**The Minimal Diversity Requirement is Satisfied.**

16.     Plaintiff alleges that he is a member of the proposed class, and he is a citizen of Kentucky. (*See* Compl. ¶¶ 9, 28-29, 32.)

17.     The Complaint does not refer to State Farm Mutual's citizenship, but it does allege that State Farm Mutual has its principal place of business in Illinois. (*Id.* at ¶ 10.)

18.     State Farm Mutual hereby demonstrates that it is not a citizen of Kentucky.  State Farm Mutual is a mutual insurance company organized under the laws of Illinois, and it maintains its principal place of business in Illinois. (*See* Affidavit of Jim Larson, attached hereto as Ex. 5, at ¶¶ 4-7.)  State Farm Mutual therefore is a citizen of Illinois for purposes of federal jurisdiction. *See* 28 U.S.C. § 1332(c)(1).[3]

19.     Because State Farm Mutual's citizenship differs from Plaintiff's, there is diversity between State Farm Mutual and at least one member of the putative class.

20.     State Farm Mutual has carried its burden to demonstrate CAFA's minimal diversity requirement under 28 U.S.C. § 1332(d)(2)(A).

---

[2] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure." *See* 28 U.S.C. § 1332(d)(1)(B). Plaintiff asserted his class allegations pursuant to Kentucky's class action rule. (Compl. ¶ 28 (citing Ky. R. Civ. P. 23).)

[3] Plaintiff's citizenship also is diverse as to State Farm Fire.  State Farm Fire is a stock insurance company organized under the laws of Illinois and maintains its principle place of business in Illinois. (*See* Ex. 5 at ¶¶ 9-12.)

**The Asserted Class Size Requirement is Satisfied.**

21.     Plaintiff affirmatively alleges that the putative class he seeks to represent would include "hundreds if not thousands of people." (Compl. ¶ 30.)

22.     That allegation by itself is sufficient to demonstrate CAFA's 100-person minimum class-size threshold. *See Brown*, 2013 WL 5273373, at *3.

23.     Additionally, State Farm Mutual presents herewith evidence further establishing that the putative class Plaintiff has defined would include more than 100 individuals.

24.     Plaintiff's asserted class is defined to include himself and the following additional individuals:

> All persons and entities that received "actual cash value" payments, directly or indirectly, from State Farm for loss or damage to a dwelling, business, or other structure located in the State of Kentucky, such payments arising from events that occurred within the ten years preceding the date of filing of this Class Action Complaint, where the cost of labor was depreciated.

(*See* Compl. ¶ 29.)[4]

25.     During the ten-year timeframe referenced in the alleged Class definition, State Farm Mutual has not issued policies of insurance of the type referenced in Plaintiff's Complaint. (*See* Ex. 4 at ¶ 4.) However, its subsidiary, State Farm Fire, has offered property insurance for damage to buildings and other structures in Kentucky (including residential dwellings, business structures, and churches) during the last 10 years, it is the only State Farm Mutual affiliate to have done so, and it is the entity that actually issued Plaintiff's Policy. (*See* Ex. 3 at ¶¶ 5-6.)

---

[4] The alleged class excludes "(1) all persons and entities that received payment from State Farm in the full amount of insurance shown on the declarations page; (2) State Farm and its affiliates, officers, and directors; (3) members of the judiciary and their staff to whom this action is assigned; and (4) Plaintiff's counsel." *Id.*

26.     In just the year 2012, which is included within the asserted class period and is the year in which Plaintiff's loss occurred, there were approximately 27,000 claims for structural damage submitted to State Farm Fire for structures that (i) were insured within the Commonwealth of Kentucky, and (ii) for which State Farm Fire prepared a structural damage estimate that included calculations for depreciation.  (*See* Affidavit of Juan L. Guevara, Jr., attached as Ex. 6 at ¶ 6.)

27.     All of the insureds who submitted those claims are potential class members under Plaintiff's alleged class definition.  (*See* Compl. ¶ 29.)

28.     Thus, in addition to Plaintiff's allegations regarding the size of the asserted class, State Farm Mutual independently has shown that CAFA's class-size requirement is satisfied many times over even if just one year of the ten-year asserted class period is considered.

## This Action Places More than $5,000,000 in Controversy.

29.     While State Farm Mutual certainly disputes that Plaintiff has stated any viable claims or that any damages whatsoever are owed to Plaintiff or the asserted class, it is evident from Plaintiff's proposed class claims and pleas for class relief that this action places more than $5,000,000 in controversy.

30.     Here, Plaintiff seeks recovery of all labor costs that were depreciated when actual cash value payments for structural damage claims were made to members of the putative class. (Compl. 14, at E (praying that the Court will "[a]ward Plaintiff and the proposed class damages in an amount equal to the total amount of depreciated labor costs withheld on Plaintiff's and proposed class members' claims").)  In addition, Plaintiff demands recovery of statutory penalties and attorneys' fees on behalf of himself and the asserted class. (*Id.* at 14-15).

31.     Where, as here, the complaint does not specify an amount in controversy, the defendant need only show that it is "more likely than not" that the claims meet the amount in

controversy requirement. *England v. Advance Stores Co.*, No. 1:07-CV-00174, 2008 WL 4372902, at *2 (W.D. Ky. Sept. 22, 2008) (*citing Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158-59 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).

32.     The removing party is entitled to "rely on a 'fair reading' of the allegations set forth in the complaint," as well as "reasonable inferences based on the nature and extent of the damages requested." *Brown*, 2013 WL 5273773 at *3; *see also England*, 2008 WL 4372902, at *2 (removal is proper under CAFA where "it can reasonably be deduced from the allegations in Plaintiff's Complaint, referred to in Defendant's Notice of Removal, that the amount in controversy more likely than not exceeds $ 5 million"). And, as noted above, the defendant also may present affirmative evidence in support of the amount in controversy jurisdictional requirement. *See Northup Props., Inc.*, 567 F.3d at 771; *Meiman*, 2011 WL 350465 at *2-3.

33.     As shown by the Affidavit of Juan Guevara, individuals handling structural damage claims under the State Farm Fire policies at issue here generally use Xactimate, a computer program offered by Xactware, Inc., when preparing estimates of the cost to repair a damaged, insured structure. (*See* Ex. 6 at ¶ 3.) Xactware unit pricing generally is applied when the estimates are prepared, and those unit prices typically are comprised of embedded material and labor components (and sometimes also include an equipment component). (*Id.* at ¶ 5.)[5] State Farm Fire generally has applied depreciation in its repair estimates, when appropriate, to all elements of the published unit cost, including embedded labor components thereof. (*Id.*)

34.     For the year 2012 (which, again, is encompassed within the asserted ten-year class period and is the year in which Plaintiff's loss occurred), there were approximately 27,000

---

[5] For example, the Xactware's published square foot unit pricing for "R & R drywall" (*i.e.*, remove and replace drywall) includes a material component (the drywall itself), as well as a labor component (to pull off the existing drywall and put the new drywall in place). (*See* Ex. 6 at ¶ 5.)

Kentucky structural property damage claims for which State Farm Fire's repair estimates indicated a deduction for depreciation. (*Id.* at ¶ 6.) The total amount of depreciation deductions reflected those repair estimates was approximately $20 million. (*Id.*) Of that amount, over $10 million of the depreciation deductions were attributable to the embedded labor components of the unit prices used in the repair estimates. (*Id.*)[6]

35.     Thus, State Farm Fire has shown that even if the Court only looks to Plaintiff's asserted breach of contract damages for just one year of the asserted class period, CAFA's $5 million aggregate damages threshold is satisfied.

36.     Moreover, Plaintiff's other pleas for relief also should be considered in assessing the amount placed in controversy by his asserted class claims. Plaintiff's demand for statutory penalties under KY. REV. STAT. § 304.12-235 "in the amount of twelve percent (12%) per annum of the depreciated labor costs recovered" (Compl. ¶ 64) is part of the amount in controversy. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007); *see also Hampton v. Safeco Ins. Co. of Am.*, Civil Action No. 13-39-DLB, 2013 WL 1870434, at *2 (E.D. Ky. May 3, 2013) (considering potential penalties under Section 304.12-235 in determining that the amount in controversy was satisfied). If a penalty were to be assessed under the statute, that would increase the amount placed in controversy by approximately $1.2 million.

37.     Because Plaintiff also is suing under statutes that allow an award of attorneys' fees (*see* Ex. 1 at 14, ¶ I), that claimed fee award likewise may be considered in assessing the amount placed in controversy. *See Williamson*, 481 F.3d at 376 (attorneys' fees may be considered for purposes of determining the amount placed in controversy where, inter alia, "a

---

[6] It has not been State Farm Fire's practice to apply depreciation to the estimated cost for stand-alone labor charges (e.g., charges for roof tear-off, or for debris removal) identified in its estimates for repair of damaged structures. (*See* Ex. 6 at ¶ 5.)

statute mandates or expressly allows the payment of such fees"); *see also Hampton*, 2013 WL 1870434, at *2 (considering attorneys' fees provided for in Section 304.12-235 in determining that the amount in controversy was satisfied).

38.     Plaintiff purports to assert claims under both KY. REV. STAT. § 304.12-235 and § 367.170.  (Compl. ¶ 63, 67.)  Both statutes allow for an award of attorneys' fees under certain circumstances.  *See* KY. REV. STAT. § 304.12-235 (allowing an award of fees where an insurer's failure timely to pay a claim is "without reasonable foundation"); KY. REV. STAT. § 367.220 (allowing a fee award to a "prevailing party").  Although State Farm Mutual does not concede that any such award would be merited, Plaintiff's Complaint purports to place fees in controversy.

39.     Even if a fee award of just 20%[7] of the depreciated labor costs identified in Paragraph 32 hereof were to be awarded to Plaintiff and the asserted class, that would add an additional $2 million to the amount placed in controversy for the year 2012 alone, just one year of the asserted class period.

<strong><u>CONCLUSION</u></strong>

40.     For all the foregoing reasons, State Farm Mutual has demonstrated that all prerequisites for CAFA jurisdiction have been met.

**WHEREFORE**, Defendant State Farm Mutual Automobile Insurance Company hereby removes this action from the Morgan Circuit Court, Kentucky to this Court.

---

[7] A recovery at that percentage falls well within the range of a potential fee award that may be considered upon removal. *See Carrollton Hospitality, LLC v. Ky. Insight Partners II, LP*, Civil No. 13-21-GFVT, 2013 WL 5934638, *4 (W.D. Ky. Oct. 31, 2013) (noting that under Sixth Circuit precedent, it is not *per se* unreasonable to estimate a fee award of as much as 50% of the plaintiff's claimed damages).

Dated: March 26, 2014

Respectfully submitted,

*/s/ David T. Klapheke*

David T. Klapheke
BOEHL STOPHER & GRAVES, LLP
400 West Market Street
Suite 2300
Louisville, KY 40202
(502) 589-5980
dklapheke@bsg-law.com

*Counsel for Defendant State Farm Mutual Automobile Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2014, I electronically filed the foregoing with the clerk

of the court by using the CM/ECF system, which will send a notice of electronic filing to the

following:

M. Austin Mehr
Philip G. Fairbanks
Erik D. Peterson
Bartley K. Hagerman
MEHR FAIRBANKS TRIAL LAWYERS, PLLC
201 West Short Street
Suite 800
Lexington, KY 40507

J. Morgan Smith
RICHARDSON & SMITH, PSC
62 West Main Street
P.O. Box 1040
Owingsville, KY 40360

COUNSEL FOR PLAINTIFF AND
PROPOSED CLASS

*/s/ David T. Klapheke*

David T. Klapheke