UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

CIVIL ACTION NO. 14-53-HRW

JEFFREY BAILEY and SUSAN HICKS,
*individually and on behalf of others similarly situated,*   PLAINTIFFS,

v.   **MEMORANDUM OPINION AND ORDER**

STATE FARM FIRE AND CASUALTY COMPANY,   DEFENDANT.

This matter is before the Court upon Defendant State Farm Fire and Casualty Company's Motion to Certify a Question to the Kentucky Supreme Court [Docket No. 44]. The motion has been fully briefed by the parties [Docket Nos. 44-1, 46 and 47]. For the reasons set forth herein, the motion will be overruled.

I.

This case arises from the manner in which Defendant State Farm Fire and Casualty Company ("State Farm") calculates the "actual cash value" of the damaged portion of an insured structure upon the occurrence of a loss. Plaintiffs Jeffrey Bailey and Susan Hicks filed this putative class action in Morgan Circuit Court, challenging State Farm's methodology. Specifically, Plaintiffs contend that State Farm miscalculates actual cash value by first estimating the total repair cost for the damaged portion of a home, and then applying an appropriate depreciation factor to that total repair cost, including both the estimated material cost as well as the estimated cost for certain repair labor for the damaged property. . In their Complaint, they allege: breach of contract (Count I), unjust enrichment (Count II), statutory bad faith in violation of KRS 304.12-235 (Count III) and violations of KRS 367.170, the Consumer Protection Act (Count IV).

State Farm filed a Notice of Removal with this Court, alleging federal jurisdiction pursuant to 28 U.S.C. § 1332. The removal was sustained. Subsequently, the Complaint was amended to correctly name the Defendant [Docket Nos. 15 and 30].

Thereafter, State Farm sought dismissal of all claims alleged herein [Docket No. 35]. This Court overruled State Farm's motion as to Plaintiffs' breach of contract claim, but granted it as to Plaintiffs' unjust enrichment and bad faith claims [Docket No. 42]. In so ruling, the undersigned recognized that State Farm's dispositive motion presented a very narrow question: "whether the installation of materials, i.e. the labor, is subject to depreciation?" *Id.* at pg. 9. This Court further noted, while both parties had cited Kentucky law that they claimed supported their positions regarding that question, the Court concluded that "[t]his issue is one of first impression in Kentucky....[I]t is clear that there is no Kentucky law, statutory or case, which squarely addresses this issue." *Id.* The undersigned acknowledged that this Court "cannot divine with certainty what a Kentucky court would find," the conclusion reached "is consistent with Kentucky law and general principles of indemnity." *Id.*

State Farm now seeks to certify that precise question to the Kentucky Supreme Court pursuant to Kentucky Rule of Civil Procedure 76.37, to-wit, "[w]hether, under an insurance policy that provides for replacement cost coverage, an insurer may depreciate the cost of labor when it calculates the actual cash value of a structural loss. " [State Farm's Motion, Docket No. 44 at pg. 1].

## II.

Federal district courts may certify a question of Kentucky law to the Kentucky Supreme Court when (1) there is no controlling precedent from the Kentucky Supreme Court or any Kentucky Court of Appeals, and (2) the question may be determinative of the case pending before the federal court. Ky. CR 76.37.[1]

---

[1] This Court is very familiar with the Rule and its evolution. Prior 1984, the Kentucky Supreme Court would only accept certified questions from the Sixth Circuit. However, by

2

To be sure, the issue presented by this case, and briefed extensively by the parties with regard to State Farm's Motion to Dismiss, is not one which has been squarely addressed by Kentucky courts or the General Assembly. Nonetheless, this Court declines to certify the question to the Kentucky Supreme Court.

Defendant brought this matter to District Court, by way of removal and did not seek certification until after their dispositive motion was denied. While removal does not foreclose the opportunity to seek certification, the timing in this case smacks of duplicity. As the Sixth Circuit recently observed, "certification is disfavored where a plaintiff files in federal court but then, in light of an unfavorable judgment, seeks refuge in a state forum." *Boyd County ex rel. Hedrick v. MERSCORP, Inc.*, 2015 WL 3514361 (6th. Cir. 2015). *See also Geronimo v. Caterpillar, Inc.*, 440 F. App'x 442, 449 (6th Cir.2011). To the extent that State Farm urges that the Kentucky Supreme Court is the better forum to consider their argument, it should have refrained from removal or sought certification before this Court ruled on the merits of the claim. *Id. See also Town of Smyrna, Tenn. v. Mun. Gas Auth. Of Ga. 723 F.3d 640, 649* (6th Cir.2013) ("The appropriate time to seek certification of a state-law issue is before a District Court resolves the issue, not after receiving an unfavorable ruling."). "Having availed itself of this Court's jurisdiction, [State Farm is] in a 'particularly poor position to seek certification.'" *Boyd County*, 985 F. Supp. 2d at 836.

Instead, State Farm takes great pains to explain why certification is required in this instance, citing the significance of the issue and concerns of efficiency. Yet, all grandstanding aside, it has presented nothing new to this Court, other than a thinly veiled attempt to have the proverbial second bite.

---

amendment effective on January 1, 1984, District Courts became similarly authorized. The undersigned was the first District Court to certify a question of law to the Kentucky Supreme Court, doing so just three days following the amendment of the rule. *In re Beverly Hills Fire Litig.*, 583 F. Supp. 1163, 1164 (E.D. Ky. 1984) (Wilhoit, J.). Indeed, in some circles, Rule 76.37, as amended, is known as "the Wilhoit Rule."

Nothing has changed in this regard between the date State Farm filed its Motion to Dismiss briefs and today; the significance of the issue and the purported concerns were equally present when State Farm filed briefs in support of its Motion to Dismiss. The only thing which has changed is the fact that this Court ruled against State Farm and it now is hoping for a different outcome. This is not the purpose for which certification was crafted.

### III.

Accordingly, **IT IS HEREBY ORDERED** that Defendant State Farm Fire and Casualty Company's Motion to Certify a Question to the Kentucky Supreme Court [Docket No. 44] be **OVERRULED**.

This 7th day of July, 2015.

Signed By:
*Henry R. Wilholt, Jr.*
**United States District Judge**