UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

CIVIL ACTION NO. 14-CV-00053-HRW

SUSAN HICKS and DON WILLIAMS,
individually and on behalf of all others
similarly situated                                                                    PLAINTIFFS

v.

STATE FARM FIRE AND CASUALTY COMPANY                                DEFENDANT

---

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

---

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure, Plaintiffs Susan

Hicks and Don Williams, on behalf of themselves and the proposed Settlement Class (collectively

"Plaintiffs") respectfully move for an order certifying a settlement class solely for purposes of

preliminarily approving a settlement agreement, and further ordering preliminary approval in

accordance with the terms and conditions set forth in the proposed preliminary approval order,

attached as Exhibit A to the Settlement Agreement (the "Settlement") filed concurrently herewith.

Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant"), will not

oppose this motion for approval of a settlement.[1]  For purposes of preliminarily approving the

Settlement Agreement only, Plaintiffs seek certification of a Settlement Class defined as follows:

> [A]ll persons and entities insured under a State Farm homeowners policy that
> received "actual cash value" payments, directly or indirectly, from State Farm Fire

---

[1] As Paragraphs 1.9-1.10 of the Settlement makes clear, however, Defendant denies each and every
allegation of liability, wrongdoing and damages, and believes it has substantial factual and legal
defenses to all claims and class allegations relating to Non-Material Depreciation in this case.

and Casualty Company for loss or damage to a dwelling or other structure located in the Commonwealth of Kentucky, such payments arising from events that occurred from February 28, 2013 through July 25, 2015, where the cost of labor was depreciated.

*See* Settlement ¶ 2.8.

In support of their motion, Plaintiffs state and show as follows:

1.      To satisfy the requirements of Rule 23(e) for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for preliminary approval of a settlement class are satisfied.

2.      Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement class because Plaintiffs' counsel estimate that notice will be issued for thousands of potential class members.

3.      Commonality under Rule 23(a)(2) is satisfied for the proposed settlement class because there are questions of law or fact common to all members of the proposed class including but not limited to the single, predominating question presented—whether Defendant can withhold labor as depreciation under Defendant's property insurance policies. Plaintiffs' entitlement to prejudgment interest also presents a common issue.

4.      Typicality under Rule 23(a)(3) is satisfied for the proposed settlement class because Plaintiffs made claims under their standard-form insurance policy, and Defendant withheld labor or other non-materials in making an actual cash value payment to them. The proposed class

representatives' claims arose from the underpayment of their actual cash value claim, and their claims are identical in all respects to the claims of the putative class.

5.      Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement class because Plaintiffs have fairly and adequately represented and protected the interests of the putative class. Plaintiffs have no interest that conflicts with those of the class. Further, they retained experienced counsel competent and experienced in class action and insurance litigation.

6.      As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of settlement class certification remains whether labor can be withheld as depreciation under Defendant's policies. Superiority is satisfied for the settlement class because of, *inter alia*, the thousands of small value claims at issue, and the interests of the parties and judicial economy favor settlement.

7.      Pursuant to the 2018 amendments to Rule 23(e)(1)(B), a proposed settlement agreement should be preliminarily approved so long as the moving parties demonstrate that the court will "likely be able to" grant final approval to the settlement.  These amendments codify existing practice.

8.      Pursuant to Rule 23(e)(3), Plaintiffs state that the only agreement at issue is the Settlement attached as an Exhibit to the Memorandum filed concurrently herewith.

9.      Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class

amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees. These factors largely mirror the factors analyzed by the Sixth Circuit. *In re Packaged Ice Antitrust Litig.*, No. 17-2137, 2018 WL 4520931, at *6 (6th Cir. May 24, 2018).

10.     As more fully set forth in the accompanying Memorandum and supporting Declaration, the Settlement is appropriate for preliminary approval.  In summary, the Settlement provides the following relief: (1) eligible class members filing claim forms will net 100% of their estimated non-material withholdings plus 5% simple interest; (2) "interest only" class members will also receive prejudgment interest. In addition, subject to Court approval, Defendant has agreed to pay service awards, attorneys' fees, case expenses, and settlement administration costs on top of class members' recoveries.

11.     The proposed settlement class does not include any policyholder that is not eligible for a payment under this Settlement.  In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit and without giving up any claims or arguments unrelated to the subject matter of this lawsuit (the systemic practice of withholding of labor depreciation). All unrelated matters will continue to be adjusted and handled by Defendant in the ordinary course.

12.     The settlement was reached through arms-length settlement negotiations overseen by Magistrate Judge Stinnett, as attested to by Plaintiffs' counsel in the accompanying Declaration.

WHEREFORE, for these reasons and those set forth in the accompanying Memorandum of Law and accompany Declaration of Plaintiffs' counsel, Plaintiffs respectfully move for an order consistent with the proposed preliminary approval order attached as Exhibit A to the Settlement, filed concurrently herewith.

4

Respectfully submitted,

*/s/ Erik D. Peterson*
M. AUSTIN MEHR
PHILIP G. FAIRBANKS
ERIK D. PETERSON
BARTLEY K. HAGERMAN
**Mehr, Fairbanks & Peterson**
 **Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, KY 40507
Telephone:  859-225-3731
Facsimile:  859-225-3830
Email:  amehr@austinmehr.com
Email:  pgf@austinmehr.com
Email:  edp@austinmehr.com
Email:  bkh@austinmehr.com

and

J. MORGAN SMITH
**Richardson & Smith, PSC**
62 West Main Street – Post Office Box 1040
Owingsville, KY 40360
Telephone:  606-674-8111
Facsimile:  606-674-6893

and

PAULA RICHARDSON
**Richardson, Barber & Williamson, PSC**
86 West Main Street
P.O. Box 1169
Owingsville, KY 40360
Telephone:  606-674-6337
Facsimile:  606-674-6090

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed and served via the Court's ECF filing system which will send electronic notices of same to all counsel of record on this the 6th day of

5

August, 2021.

/s/ *Erik D. Peterson*
ERIK D. PETERSON