# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# ASHLAND DIVISION

SUSAN HICKS AND DON WILLIAMS, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

No. 14-cv-00053

Hon. Henry R. Wilhoit, Jr.

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, DIRECTING NOTICE TO THE CLASS, SCHEDULING A FINAL APPROVAL HEARING, AND CERTIFYING SETTLEMENT CLASS

Plaintiffs Susan Hicks and Don Williams ("Representative Plaintiffs" or "Plaintiffs," each a "Plaintiff"), individually and on behalf of themselves and the Class as defined herein, and Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant"), have agreed to settle this litigation pursuant to the terms and conditions stated in the Stipulation of Settlement (the "Stipulation" or the "Settlement") filed with the Court on August 6, 2021 [Docket No. 224-3], subject to this Court's approval.  Plaintiffs and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement, Certification of the Settlement Class, and Scheduling a Final Approval Hearing [Docket No. 224] (the "Motion").  By Order dated August 11, 2021 [Docket No. 226], this Court referred the Motion to Magistrate Judge Matthew A. Stinnett, who subsequently issued a Report and Recommendation on November 8, 2021 [Docket No. 227] recommending that the Motion be granted. No party has filed an objection to the Report and

Recommendation. This matter is now ripe for disposition. For the reasons stated herein, this Court adopts the Report and Recommendation and issues the following Order:

In determining whether to approve a proposed settlement, the District Court must find that the settlement is fair, adequate, and reasonable. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). A district court looks to seven factors in determining whether a class action settlement is fair, reasonable, and adequate: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id.* Furthermore, a court must consider the factors in Rule 23(e) which provides, among other things, that the crux of a court's preliminary approval evaluation is whether "giving notice [to the class] is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal," Fed. R. Civ. P. 23(e)(1)(B), and "focus[es]" a court's inquiry on "the primary procedural considerations and substantive qualities that should always matter to the decision whether to approve the proposal," Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment—that is, whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Upon considering the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations and recommendations of Class Counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) the proposed Settlement Class (which is identical to the certified litigation class) meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representatives and Class Counsel; (4) the proposed Settlement is the result of informed, good-faith, arm's-length negotiations between the parties and their capable and experienced counsel and is not the result of collusion; (5) the proposed Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the proposed Settlement Class of the pendency of the Action, class certification, the terms of the proposed Settlement, Class Counsel's future motion for an award of attorneys' fees and expenses and request for Service Awards for Plaintiffs, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's request for fees, litigation costs and/or Service Awards for Plaintiffs; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant final approval of the Settlement and enter Final Judgment, and whether to grant Class Counsel's requested fees, litigation expenses and request for Service Awards for Plaintiffs; and (8) the other related matters pertinent to the preliminary approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Order (the "Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453.

3. Venue is proper in this District.

4. The Stipulation and Settlement are preliminarily approved as fair, adequate, and reasonable, and Plaintiffs' motion for preliminary approval of the Settlement is hereby **GRANTED** in all material respects, subject to further consideration at the Final Approval Hearing.

5. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23(e) factors are present, and that certification of the proposed Settlement Class is appropriate under Rule 23. The following Settlement Class is certified for purposes of the Settlement:

> Persons and entities insured under a State Farm homeowners policy that received "actual cash value" payments, directly or indirectly, from State Farm Fire and Casualty Company for loss or damage to a dwelling or other structure located in the Commonwealth of Kentucky, such payments arising from events that occurred from February 28, 2013 through July 25, 2015, where the cost of labor was depreciated. The certified class excludes: (1) all persons and entities that received payment from State Farm in the full amount of insurance shown on the declarations page; (2) State Farm and its affiliates, officers, and directors; (3) members of the judiciary and their staff to whom this action is assigned; and (4) Plaintiffs' counsel.

6. Plaintiffs Susan Hicks and Don Williams are preliminarily appointed as representatives of the Settlement Class and the Court preliminarily finds that the following attorneys for Plaintiffs satisfy the adequacy requirement of Federal Rule of Civil Procedure 23, and appoints such as Class Counsel:

| | |
|---|---|
| M. Austin Mehr | J. Morgan Smith |
| Philip G. Fairbanks | RICHARDSON & SMITH, PSC |

| | |
|---|---|
| Erik D. Peterson<br>MEHR, FAIRBANKS & PETERSON<br> TRIAL LAWYERS, PLLC<br>201 West Short Street, Suite 800<br>Lexington, KY 40507<br>T: 859-225-3731<br>amehr@austinmehr.com<br>pgf@austinmehr.com<br>edp@austinmehr.com | 62 West Main Street<br>P.O. Box 1040<br>Owingsville, KY 40360<br>T: 606-674-8111<br>j.morgan.smith11@gmail.com<br><br>Paula Richardson<br>RICHARDSON, BARBER & WILLIAMSON, PSC<br>86 West Main Street<br>P.O. Box 1169<br>Owingsville, KY 40360<br>T: 606-674-6337<br>paula_richardson04@yahoo.com |

7.     If final approval of the Settlement and entry of Final Judgment is not granted, this Order, including the preliminary certification of the Settlement Class, and other actions of this Court incident to the Settlement, shall be automatically vacated.

8.     Pending a final determination by the Court of whether the Settlement should be approved as fair, reasonable, and adequate, neither the Representative Plaintiffs nor any potential Class Member who has not opted out, whether directly, indirectly, representatively or in any other capacity, shall start, join, continue, litigate or participate in, support, or accept any benefit or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding against State Farm that is based on, relates to, or involves any of the claims, facts, circumstances, or subject matters of this Action or the Stipulation.  Accordingly, the Court hereby preliminarily enjoins the Representative Plaintiffs and any Class Member who has not opted out from the Settlement Class from instituting, maintaining, prosecuting, suing, asserting, or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims.

9. JND Legal Administration (the "Administrator") is appointed to serve as third-party administrator for the Settlement and to perform such duties as may be ordered by this Court pursuant to the terms of the Stipulation.

10. The Parties have prepared the Class Notice, Claim Form, and Postcard Notice, which have been submitted to the Court as Exhibits 2-3 and 5, respectively, to the Stipulation. As set forth herein, the Court has reviewed and approves these forms. Counsel for the Parties, along with the Administrator, are authorized to complete any missing information and to make any non-substantive revisions to these documents, as necessary to fulfill the purposes of the Settlement.

11. Within forty-five (45) days after the entry of this Order, the Administrator shall send a copy of the Class Notice and a Claim Form by first-class mail to the current or last known address for each potential Class Member, according to State Farm's business records and the National Change of Address database. The Class Notice and Claim form shall be mailed to potential Settlement Class members not less than seventy-five (75) days prior to the Final Approval Hearing.

12. If a Class Notice and Claim Form sent to any potential Class Member is returned as undeliverable, the Administrator will promptly log such return as undeliverable and provide copies of the log to Defendant and Class Counsel as requested. If the mailing is returned to the Administrator with a forwarding address, the Administrator will forward the mailing to that address. For other returned mailings, the Administrator will run the name and address one time through a single commercial database chosen by the Administrator, and should the commercial database show a more current address, the Administrator shall re-mail the returned Class Notice and Claim Form to the more current address. No further efforts to locate or to find a more current address for Class Members is required.

13. No later than forty-five (45) days before the Claim Deadline, the Administrator shall mail a reminder in the form attached as Exhibit 5 (the "Postcard Notice") with information regarding the Claim Form Submission Deadline, the Settlement website address, and how to request a copy of the Claim Form. The Postcard Notice will be mailed to each Class Member who has not submitted a Claim Form and who has not timely and properly excluded themselves from the Settlement Class.

14. In addition to the Class Notice and Claim Form mailed in accordance with the preceding paragraphs, the Administrator shall establish an automated toll-free telephone number and a settlement website that will contain information on the Stipulation, including copies of the Agreement and Exhibits, the Preliminary Approval Order, the Class Notice, a downloadable copy of the Claim Form, and Spanish translations of the Class Notice and Claim Form.

15. The Court finds that the procedures set forth in the preceding paragraphs constitute reasonable and best notice practicable under the circumstances and an appropriate and sufficient effort to locate current addresses of Class Members such that no additional efforts shall be required. Upon reasonable request, the Administrator shall advise Class Counsel and Defendant's Counsel of the progress of the Class Notice program to monitor compliance with this Order.

16. The Court preliminarily finds that the dissemination of the Class Notice, Claim Form, and Postcard Notice under the terms and in the format provided for in this Order, together with the establishment of an automated toll-free telephone number and settlement website, as set forth above, (a) constitutes the best practicable notice under the circumstances; (b) is reasonably calculated to apprise all potential Class Members who can be identified through reasonable effort of: the pendency of the Action, the Stipulation and Settlement, and their rights in connection therewith, and the Final Approval Hearing; and (c) meets the requirements of the Federal Rules of

Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.

17. The Court finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been [or will be sent] and that Defendant has fully complied [or will fully comply] with the notice requirements under that Act.

18. The costs of providing notice and effectuating all other settlement administration shall be borne by State Farm, as provided in the Stipulation.

19. The Court will hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Settlement at 9 a.m., on April 28, 2022, at the United States Courthouse, Ashland, Kentucky. However, at the sole discretion of the Court, the Final Approval Hearing may occur via telephone or video in order to allow the Final Approval Hearing to proceed despite any limitations on in-court hearings related to the COVID-19 pandemic. In such event, any Class Member who files a notice of intent to appear shall be provided with information required to access the telephone or video hearing. The date of the Final Approval Hearing shall be set forth in the Class Notice. Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or rescheduled by the Court without further notice to the members of the Class. Any rescheduled date for the Final Approval Hearing will be posted on the settlement website.

20. During the Final Approval Hearing, the Court will consider and determine, inter alia:

    a. Whether the Stipulation for Settlement of this Action should be approved as fair, reasonable, and adequate;

    b. Whether this Action should be certified as a class action for settlement purposes only and whether the requirements for certification of a settlement class have been met;

    c. Whether this Action should be dismissed with prejudice pursuant to the terms of the Stipulation;

    d. Whether members of the Settlement Class should be bound by the Release set forth in the Stipulation;

    e. Whether members of the Settlement Class, whether acting individually or together, should be permanently enjoined from instituting, maintaining, prosecuting, suing, asserting, or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims;

    f. Whether and in what amount Class Counsel's application for an award of attorneys' fees and expenses, and the Representative Plaintiffs' request for service awards should be approved; and

    g. Objections, if any, made to the Settlement or any of its terms.

21. Class Members who wish to exclude themselves from the Settlement Class must mail a written opt-out request, pursuant to the instructions posed on the settlement website and in the Class Notice, to the Administrator no later than thirty (30) days prior to the Final Approval Hearing.

22. All Class Members who do not request exclusion in the manner set forth in the Stipulation shall be members of the Settlement Class and bound by all proceedings, orders, and judgments in the Action, which will have preclusive effect in all pending or future lawsuits or other proceedings.

23. Class Members who do not request exclusion from the Settlement Class may object to the Settlement by filing with the Court and mailing to the Administrator, a written notice of intent to object as provided in the Stipulation no later than thirty (30) days before the Final Approval Hearing. The right to object to the Settlement must be exercised individually by a Class Member, not as a member or representative of a group or subclass, except in the case of a legally authorized representative on behalf of a deceased, minor, or incapacitated Class Member. To be considered, the written notice of intent to object to the Settlement should contain:

    a. A heading which includes the name of the case and case number;

    b. The name, address, telephone number, and signature of the Class Member (the "Objector") filing the objection;

    c. The specific reasons why the Class Member objects to the Settlement;

    d. The name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney; and

    e. Indication of whether the objecting Class Member intends to appear at the Final Approval Hearing, either in person or through counsel.

24. In addition, a notice of intent to object should contain the following additional information if the Objector or his/her attorney requests permission to speak at the Final Approval Hearing:

    a. A detailed statement of the specific legal and factual basis for each and every objection;

    b. A list of any and all witnesses whom the Objector may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony;

    c. A detailed description of any and all evidence the Objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Approval Hearing; and

    d. Documentary proof of membership in the Class.

25. An Objector who does not include the above information in his/her notice of intent to object will likely be limited in speaking and presenting evidence or testimony at the Final Approval Hearing and may be prevented from doing so entirely.

26. Any Class Member who does not file and mail a timely and complete written notice of intent to object in accordance with the Stipulation, waives the right to object or to be heard at the Final Approval Hearing and is barred from objecting to the Settlement. However, the Court retains discretion to hear objections absent full, technical compliance with this Order upon a showing of good cause for failure to comply.

27. The Administrator shall provide State Farm's Counsel and Class Counsel with copies of any and all objections and opt-out requests received by the Administrator.

28. At or before the Final Approval Hearing, Class Counsel shall file with the Court proof from the Administrator of the mailing of the Class Notice, the Claim Form, and the Postcard Notice, confirming the timely mailing of notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, and identifying the number of Class Members who have timely excluded themselves from the Class (opted out), the number of Objectors, and identifying all such Persons.

29. Class Members will be provided an opportunity to submit Claim Forms in the form attached to the Stipulation as Exhibit 3, requesting Claim Settlement Payments in accordance with the terms of the Stipulation.

30. Any Class Member who has not submitted a timely, complete opt-out request and who has returned a timely, complete Claim Form may be eligible to receive a Settlement Check according to the terms of the Stipulation if the Effective Date occurs.

31. Not less than seven (7) days prior to the Final Approval Hearing, Class Counsel shall file with the Court a motion seeking the Court's final approval of the Settlement and Stipulation and entry of Final Judgment in the form and content attached to the Stipulation as Exhibit 4. State Farm, in its sole discretion, may also file a brief in support of final approval of the Stipulation and Settlement. Class Counsel shall simultaneously file any motion concerning requests for attorneys' fees, costs, expenses, and service awards.

32. This Order, the Stipulation, the negotiations of the Stipulation, the Settlement procedures, any act, statement, or document related in any way to the negotiation of the Stipulation or Settlement procedures, and any pleadings, or other document or action related in

any way to the Stipulation shall not be construed as an admission or concession by State Farm (a) of the truth of any of the allegations in the Lawsuit; (b) of any liability, fault, or wrongdoing of any kind on the part of State Farm; or (c) that this Action may be properly maintained as a litigation class action. Likewise, none of the materials referenced in this paragraph shall be offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as proof that State Farm has admitted or conceded points (a), (b), or (c) contained within this paragraph.

33. The Settlement is preliminarily approved as fair, reasonable, adequate, and in the best interest of the Class Members. The Parties and the Administrator are directed to implement the terms of the Settlement in accordance with the Stipulation.

34. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Class.

35. Except for proceedings in furtherance of the administration and finalization of the Settlement, this Action is stayed pending further order from the Court.

**IT IS SO ORDERED**, this 24th day of November 2021.

Signed By:
_Henry R Wilhoit Jr._
**United States District Judge**